UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CLIFTON KELLY BELL,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, *et al.*,<br><br>Defendants. | ) | Case No. C07-1790-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in his amended complaint that he was improperly placed in custody by King County District Court Judge Linda Thompson on August 17, 2007. Plaintiff further alleges that he was placed in a cell at the King County Jail that lacked running water or a working toilet. Finally, plaintiff alleges that two Seattle Police Officers, E. Robertson and D. Norton, acted improperly when they arrested him on September 23, 2007.

Defendants Thompson and King County have now filed a motion to dismiss. Plaintiff has filed no response to that motion. The Court, having reviewed the pending motion to dismiss, and the balance of the record, concludes that the motion to dismiss should be granted, and that plaintiff's amended complaint should be dismissed as to defendants Thompson and King County.

DISCUSSION

An action may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Keniston*, 717 F.2d at 1300. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Judge Thompson

Plaintiff alleges in his complaint that defendant Thompson improperly placed him in custody on August 17, 2007. In their motion to dismiss, defendants concede that defendant Thompson did, in fact, conduct a hearing on August 17, 2007, in a case where plaintiff had been charged with fourth degree assault. Defendants argue, however, that defendant Thompson is protected from liability in this action under the doctrine of judicial immunity.

Judicial officers are immune from liability for damages under § 1983 for acts taken within their judicial jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967). A judge will be subjected to liability only when (1) he acts in the "clear absence of all jurisdiction," or (2) he performs an act that is not judicial in nature. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 360 (1978).

In *Stump*, the Supreme Court explained that the necessary inquiry in determining whether a judge is immune from suit is whether the judge had jurisdiction over the subject matter before him. The Court stated that "the scope of the judge's jurisdiction must be construed broadly" and that "[a]

judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. The Supreme Court further explained that the relevant inquiry in determining whether an act by a judge is a 'judicial' one "relate[s] to the nature of the act itself; *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id*. at 362.

Plaintiff's allegations against defendant Thompson arise out of a proceeding which was conducted by this defendant in her role as a judge of the King County District Court. It is clear from the record that defendant Thompson had subject matter jurisdiction over plaintiff's case when she ordered that plaintiff be placed in custody. *See* RCW 3.66.060 (the district court has concurrent jurisdiction with the superior court over all misdemeanors and gross misdemeanors committed in their respective counties), and RCW 9A.36.041 (fourth degree assault is a gross misdemeanor). It also appears clear that, at the time of plaintiff's interaction with her, defendant Thompson was performing a function normally performed by judges and plaintiff was dealing with her in her judicial capacity. None of the facts alleged by plaintiff suggest to the contrary. Defendant Thompson is therefore entitled to absolute immunity in this § 1983 action. Accordingly, defendants' motion to dismiss should be granted with respect to plaintiff's claim against defendant Thompson.

King County

Plaintiff alleges in his amended complaint that while in custody at the King County Jail, he was placed in a cell in administrative segregation that did not have running water or a working toilet. Defendants argue in their motion to dismiss that plaintiff has not adequately alleged a cause of action against King County.

In order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See*

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

Plaintiff does not specifically identify in his amended complaint any policy or custom of King County which caused him harm of constitutional dimension.[1] Defendants' motion to dismiss should therefore be granted with respect to plaintiff's claim against King County as well.

## CONCLUSION

For the foregoing reasons, this Court recommends that defendants' motion to dismiss be granted and that this action be dismissed, with prejudice, as to Judge Linda Thompson and King County. A proposed order accompanies this Report and Recommendation.

DATED this 24th day of April, 2008.

James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge

---

[1] The Court notes that in an order declining to serve plaintiff's original complaint and granting plaintiff leave to file an amended complaint, plaintiff was specifically advised that if he were to elect to pursue a claim against King County he would have to identify the municipal policy or custom that he believed caused his injury. (*See* Dkt. No. 7.) Thus, plaintiff has had ample notice of the requirements for stating a viable cause of action against King County. Plaintiff is apparently unable to meet those requirements.