UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLIFTON KELLY BELL,

    Plaintiff,

v.

KING COUNTY, *et al.*,

    Defendants.

Case No. C07-1790-RSM-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in his amended civil rights complaint that defendants E. Roberson and D. Norton, both Seattle Police Officers, acted improperly when they arrested plaintiff on September 23, 2007.[1] Defendants Roberson and Norton have now filed a motion to dismiss. Plaintiff has filed no response to defendants' motion. The Court, having reviewed the pending motion to dismiss, and the balance of the record, concludes that the motion to dismiss should be granted, that plaintiff's amended complaint should be dismissed as to defendants Roberson and Norton, and that this action should be dismissed with prejudice.

---

[1] Plaintiff's amended complaint also asserted claims against King County District Court Judge Linda Thompson and King County. Those claims were previously dismissed by the Court. (*See* Dkt. Nos. 21 and 25.)

REPORT AND RECOMMENDATION
PAGE - 1

DISCUSSION

An action may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Keniston*, 717 F.2d at 1300. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff alleges in his amended complaint that he was arrested by defendants Roberson and Norton on September 23, 2007, and that defendants made him put on his girlfriend's "Betty Boop pants" prior to transporting him to jail. (Dkt. No. 9 at 3.) Plaintiff asserts that he was made to put on his girlfriend's clothes under threat of force and that he was humiliated when he was taken to jail in women's clothing.[2] (*Id.*) Finally, plaintiff asserts that after defendants handcuffed him, they sexually assaulted him by giving him "a slap on the butt," and they sexually harassed him by laughing and telling him "now you're ready to go to jail legs." (*Id.*)

Plaintiff does not specifically allege in his complaint that the misconduct of defendants Roberson and Norton violated his federal constitutional rights. However, liberally construed,

---

[2] Attached to plaintiff's form complaint are four pages, each of which is identified as a "civil rights complaint," and each of which contains a re-statement of the claims asserted by plaintiff in his amended complaint. (*See* Dkt. No. 9 at 5-8.) It appears that these pages were intended as copies of the amended complaint rather than as attachments to the complaint. None of these copies makes any allegation of any threat of force by defendants Roberson and Norton.

REPORT AND RECOMMENDATION
PAGE - 2

plaintiff's amended complaint asserts a Fourth Amendment claim for unreasonable seizure.

The Fourth Amendment guarantees that individuals will not be subjected to unreasonable searches and seizures. The Fourth Amendment's reasonableness standard prohibits not only the use of excessive force in effectuating a seizure, it also generally prohibits "unreasonable intrusions on one's bodily integrity and other harassing and abusive behavior that rises to the level of unreasonable seizure." *Fontana v. Haskin*, 262 F.3d 871, 878-879 (9th Cir. 2001) (internal citation and quotations omitted). However, while allegations of sexual bodily intrusion may be actionable as a violation of the Fourth Amendment, *de minimis* bodily intrusions are constitutionally reasonable. *Fontana*, 262 F.3d at 880.

Plaintiff asserts that force was threatened, but he does not contend that any force was actually used against him. Plaintiff offers no facts to suggest that the threatened use of force implicates Fourth Amendment concerns. Defendants' alleged directive to plaintiff to put on his girlfriend's clothing likewise does not implicate Fourth Amendment concerns. The record reflects that plaintiff had no clothing on at the time defendant's encountered him. While no doubt embarrassing to plaintiff, and perhaps unnecessary on the part of defendants, requiring plaintiff to put on "Betty Boop pants" as opposed to some other type of clothing simply lacks any constitutional significance.

As to the alleged sexual misconduct by defendants, slapping plaintiff once on the butt constitutes a *de minimis* bodily intrusion and therefore must be deemed constitutionally reasonable. Defendants' alleged comment to plaintiff that "now you're ready to go to jail legs" also does not implicate constitutional concerns. The Ninth Circuit has recognized that "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 189 (9th Cir. 1987) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979).

REPORT AND RECOMMENDATION
PAGE - 3

## CONCLUSION

For the foregoing reasons, this Court recommends that defendants' motion to dismiss be granted, that plaintiff's amended complaint be dismissed as to defendants Roberson and Norton, and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 12th day of September, 2008.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4